UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS and TRUSTEES
OF THE OPERATING ENGINEERS'
LOCAL 324 FRINGE BENEFIT FUNDS,

      Plaintiffs,                                    Case No. 18-13546

v.

GAYANGA CO., LLC, individual and conducting
business under the assumed name of GAYANGA
CO., BRIAN McKINNEY, JERRY SOWELLS
and MACK MAJOR,

      Defendants.
_____/

## COMPLAINT

NOW COME Plaintiffs to complain against Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Operating Engineers' Local 324 Fringe Benefit Funds (the "Funds"), are jointly-administered trust funds established pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("the L. M. R. A."), 29 U. S. C. §186, and are administered in Bloomfield Township and Troy in Oakland County, Michigan. The Funds consist of the Operating Engineers' Local 324 Health Care Plan, Operating Engineers' Local 324 Pension Fund, Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local 324 Vacation and

Holiday Fund, Operating Engineers' Local 324 Supplemental Vacation Fund, Operating Engineers' Local 324 Journeyman and Apprenticeship Training Fund, Operating Engineers' Local 324 Industry Advancement Fund, Operating Engineers' Local 324 Labor-Management Education Committee, and Operating Engineers' Local 324 Defined Contribution Pension Plan.

2. The Funds are multiemployer employee benefit plans within the meaning of Section Three of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U. S. C. §1002.

3. Plaintiff Trustees of the Funds, who reside in the State of Michigan, are officially designated and are by law invested with management and control of the Funds, in compliance with Section 302 of the L. M. R. A., 29 U. S. C. §186, and appear in this action as representatives of the participants and beneficiaries of the Funds.

4. Defendant Gayanga Co., LLC, which operates under its own name and under the assumed name of Gayanga Co. (the "business entity") is a Michigan limited liability company with a principal place of business in Detroit, Michigan.

5. Individual Defendant Brian McKinney resides in and/or conducts business in Detroit, Michigan.

6. Individual Defendant Jerry Sowells resides in and/or conducts business in Detroit, Michigan.

7. Individual Defendant Mack Major resides in and/or conducts business in Detroit, Michigan.

8. Defendants acted in concert to breach the obligations of the business entity to pay fringe benefit contributions, and to divert money paid to the business entity to be held in trust for the Funds. (The term "Defendant" will hereinafter refer to all Defendants unless otherwise specified.)

9. Defendant is, or was at all relevant times, in an industry affecting commerce within the meaning of Section Four of ERISA, 29 U. S. C. §1003 and Section 301 of the L. M. R. A., 29 U. S. C. §185.

10. Jurisdiction of this Court is predicated on Section 502 of ERISA, 29 U. S. C. §1132 and Section 301 of the L. M. R. A., 29 U. S. C. §185, in this action to enforce provisions of multiemployer benefit plans and to remedy violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

11. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U. S. C. §1132(e)(2), as the Funds are administered, the breach took place and Defendant resides and may be found in this District.

## CLAIM FOR DAMAGES

12. Plaintiffs reallege paragraphs 1-11 inclusive of this Complaint and incorporate the same herein by reference.

13. During the May 2017 through May 2018 period of time relevant to this action, Defendant was party to a collective bargaining agreement (hereinafter individually and collectively referred to as the "collective bargaining agreement") with International Union of Operating Engineers, Local No. 324, 324-A, 324-B, 324-C and 324-D (the "Union"), a labor organization representing employees in an industry affecting commerce.

14. Pursuant to the collective bargaining agreement, Defendant agreed to make periodic payments to the Funds (hereinafter "contributions or "fringe benefit contributions"), such payments representing withheld wages and fringe benefits earned by employees of Defendant performing work covered under the collective bargaining agreement ("bargaining unit work") for the benefit of those employees, for the purpose of funding Defendant's employees' retirement benefits, medical coverage, vacation and holiday pay and other benefits of employment, and to comply with all policies and decisions of the Trustees of the Funds.

15. Pursuant to the collective bargaining agreement, Defendant agreed to pay contributions remitted with standard contribution forms by the fifteenth day of the month following the month in which hours were worked requiring such contributions.

16. Pursuant to the collective bargaining agreement, when such submission of payments and contribution forms described above is not made in a timely manner,

Defendant agreed to pay liquidated damages and interest on contributions, and interest on liquidated damages from the dates they are assessed, along with attorney's fees and costs incurred in enforcing Defendant's obligations to the Funds, and interest on attorney's fees and costs from the dates they are incurred, with liquidated damages assessed at the greater of a flat ten percent or eighteen percent annual rate and interest assessed at a twelve percent annual rate.

17. Pursuant to the collective bargaining agreement, Defendant agreed to maintain accurate books and records of bargaining unit hours worked by its employees and to permit inspection and audit, at the discretion of the Funds, of all books and records necessary to determine whether Defendant were making all contributions required by the collective bargaining agreement, and to pay all unpaid contributions disclosed in an audit, plus liquidated damages if the audit determined delinquencies in contributions.

18. On April 12 and September 14, 2018, the Funds completed audits of Defendant covering work performed from May 2017 through May 2018, disclosing $80,024.04 in unpaid fringe benefit contributions.

19. Defendant owes the sum of $67,438.98 to the Funds, consisting of $80,024.04 in fringe benefit contributions, $8,412.55 in liquidated damages on unpaid and untimely paid contributions, and $5,002.39 in interest, after crediting $26,000.00 that Defendant paid toward satisfaction of its delinquencies.

20. In addition to Defendants' obligations under the collective bargaining agreement and the Funds' policies, it maintains obligations to the Funds under Section 502 of ERISA, 29 U. S. C. §1132(g)(2), which provides that when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the Court shall award the unpaid contributions, interest on the unpaid contributions, the greater of interest on unpaid contributions or liquidated damages provided for by the funds in an amount not to exceed twenty percent of the unpaid contributions, and reasonable attorney's fees and costs of the action, as well as all legal or equitable relief as the Court deems appropriate.

21. Defendant may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds and engaged in misconduct that includes converting money paid to the business entity for the purpose of paying fringe benefit contributions to the Funds or for the product of the labor of the Funds' participants, retaining money required to be held in trust for the benefit of the business entity's employees, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by the business entity's employees and intentionally engaging in a scheme to deprive the Funds of money owing to them.

22. As owners, officers and persons who make decisions with respect to the

business entity's compliance with its obligations to the Funds, special circumstances exist to dictate that the individual Defendants maintain responsibility for the business entity's compliance with its obligations to the Funds, on the basis that the individual Defendants with fraudulent intent improperly diverted money that the business entity and any other entity composing Defendant were required to hold in trust for payment of fringe benefit contributions to the Funds, ERISA and principles of equitable subrogation and constructive trusts, exclusive of other reasons that may independently dictate that the individual Defendants maintain responsibility for the business entity's compliance with its obligations to the Funds.

23. The individual Defendants are fiduciaries of the Funds as a result of their exercise of authority and control over unpaid fringe benefit contributions that constitute assets of the Funds. The individual Defendants breached their fiduciary duties to the Funds by electing to use money within their authority and control for purposes other than paying required fringe benefit contributions to the Funds.

24. Each Defendant and any successor in interest to, alter ego of or other entity affiliated with or operated by any Defendant, jointly and severally maintain obligations to:

   a. Pay the Funds $67,438.98, consisting of $80,024.04 in fringe benefit contributions for work performed from May 2017 through May 2018, $8,412.55 in liquidated damages on unpaid and untimely paid fringe benefit contributions and

$5,002.39 in interest as of this date on contributions, after crediting $26,000.00 that Defendant paid toward satisfaction of its delinquencies.

 b.  Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

 c.  Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely-paid contributions determined to be owing from the dates they are assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with liquidated damages accrued at the flat ten percent or eighteen percent annual rates used by the Funds and interest accrued at the twelve percent annual rate used by the Funds, in accordance with 29 U. S. C. §1132(g)(2)(B) and (C).

WHEREFORE, Plaintiffs pray for this Honorable Court to issue a judgment containing the following provisions:

 A.  Commanding each Defendant and any successor in interest to or alter ego of each named Defendant to:

  1.  Pay the Funds $67,438.98, consisting of $80,024.04 in fringe benefit contributions for work performed from May 2017 through May 2018.

$8,412.55 in liquidated damages on unpaid and untimely paid fringe benefit contributions and $5,002.39 in interest as of this date on contributions, after crediting $26,000.00 that Defendants paid toward satisfaction of its delinquencies.

       2.  Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

       3.  Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely-paid contributions determined to be owing from the dates they are assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with liquidated damages accrued at the flat ten percent or eighteen percent annual rates used by the Funds and interest accrued at the twelve percent annual rate used by the Funds, in accordance with 29 U. S. C. §1132(g)(2)(B) and (C).

      B.  Granting Plaintiffs in any supplementary proceeding to enforce a judgment in this action the opportunity to state a sum certain owing to include fringe benefit contributions, liquidated damages, interest, attorney's fees and other costs incurred up to the date of such supplementary proceeding, certified through

signature of Plaintiffs' counsel without further application to the Court, subject to Defendant's right to request a hearing regarding any dispute.

      C.   Awarding Plaintiffs all other relief that the Court deems appropriate.

Respectfully submitted,

s/Jeffrey M. Lesser
Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
39040 West Seven Mile Road
Livonia, Michigan  48152
(734) 464-3603
lesser@jeffreymlesser.com

Dated:  November 14, 2018

C:\Users\Lesser\Desktop\clients\Gayanga Co\Complaint.doc